**E-Filed 8/2/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN J. MENDOZA,<br><br>       Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner,<br>Social Security Administration,<br><br>      Defendant. | Case Number C 06-04392 JF<br><br>ORDER[2] GRANTING DEFENDANT'S MOTION FOR REMAND AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>[re: docket no. 17, 18] |

**I.  BACKGROUND**

  Plaintiff John. J. Mendoza filed the complaint in this action on July 18, 2006, seeking to reverse a decision by Defendant Commissioner of Social Security ("Commissioner") denying

---

  [1] Michael J. Astrue became Commissioner of the Social Security Administration on February 1, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Jo Anne B. Barnhart as the defendant in this matter.

  [2] This disposition is not designated for publication and may not be cited.

1  him disability insurance benefits.[3]  On December 26, 2006, Defendant answered the complaint.

2  On February 14, 2007, Plaintiff filed a motion for summary judgment.  On March 16, 2007,

3  Defendant moved for remand and filed opposition to Plaintiff's motion for summary judgment.[4]

4  Plaintiff replied on March 20, 2007.  The matter was submitted without oral argument.

5          The following facts are taken from the March 3, 2005 administrative hearing and the

6  accompanying administrative record ("AR").  At the time of the hearing, Plaintiff was fifty-seven

7  years-old, possessed a twelfth-grade education, and had past employment experience as a

8  journeyman carpenter and facilities maintenance repairman.  AR 16.  He alleges that he became

9  disabled on December 18, 2002 due to a heart condition, hypertension, stress, and a shoulder

10  condition.  *Id.* at 17.

11          The ALJ concluded that Plaintiff "is not disabled within the meaning of the Social

12  Security Act" and therefore is not entitled to disability insurance benefits.  *Id.* at 16.  To

13  determine whether Plaintiff was disabled, the ALJ implemented the five-step evaluation process

14  required by 20 CFR § 404.1520.  *Id.* at 17.  At step one, the ALJ determined that Plaintiff "had

15  not engaged in substantial gainful employment since his alleged onset date."  *Id.* at 17.  At step

16  two, the ALJ concluded that the right shoulder pain suffered by Plaintiff should be categorized as

17  a "non-severe impairment which does not cause any functional limitations."  *Id.*  Regarding

18  mental health, the ALJ concluded that "there is no medical evidence that the claimant has ever

19  complained of anxiety or depression to his physicians and no evidence of any mental diagnosis."

20  *Id.* at 18.  The ALJ found Plaintiff to "have a non-severe impairment of depression which does

21  not result in any functional mental limitations."  *Id.*  Accordingly, the ALJ concluded that

22  Plaintiff was not disabled by the pain he suffered in his right shoulder or by his mental health.

23          With respect to the coronary artery disease suffered by Plaintiff, the ALJ made the

24

25          [3] The challenged decision was rendered on March 3, 2005 by Administrative Law Judge
    Brenton L. Rogozen ("ALJ") after a hearing on January 11, 2005. The ALJ's decision became

26  final on May 15, 2006, when the Appeals Council denied Plaintiff's request for review.

27          [4] Defendant states that it attempted to stipulate to a remand with Plaintiff prior to the
    filing of Defendant's motion to remand, but that Plaintiff refused.

28

2

Case No. C 06-04392 JF
ORDER GRANTING DEFENDANT'S MOTION FOR REMAND AND DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
(JFEX3)/(JFLC1)

following findings at steps two and three :

> The medical evidence indicates that the claimant has coronary artery disease, an impairment that is 'severe' within the meaning of the Regulations but not 'severe' enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. In particular, the undersigned has considered the impairment listings under Section 4.00, but the claimant's condition does not satisfy the criteria for any of these listings.

*Id* at 17.  Accordingly, the ALJ did not apply the presumption of disability to the coronary artery disease.

At step four, the ALJ determined that Plaintiff "has not been able to perform any of his past relevant work at any time since the alleged onset date." *Id.* at 20.  The ALJ determined that Plaintiff retained a residual functional capacity ("RFC") such that he could "frequently lift/carry 10 pounds; occasionally lift/carry 20 pounds; stand/walk for a total of 6 hours in an 8-hour workday; and sit for a total of 6 hours in an 8-hour workday (i.e., light work)." *Id.* at 19. Additionally, the ALJ found "no basis to support any additional restrictions related to the claimant's right shoulder." *Id.*  At step five, the ALJ found that, based upon the testimony of the vocational expert, "claimant has transferable skills from his carpentry and maintenance work to hardware sales" and that the "conservatively-speaking, 200-250 hardware sales jobs in the local economy . . . translates to a significant number of jobs in the national economy." *Id.* at 20. The ALJ concluded that Plaintiff's RFC, age, education and work experience, and the availability of a "significant number of jobs in the national economy," led to a "finding that the claimant can perform the demands of the full range of light work" and was "not under a disability as defined in the Social Security Act at any time through the date of [the ALJ's] decision." *Id.* at 20-21.

## II.  LEGAL STANDARD

### 1.    Standard for Reviewing the Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision denying Plaintiff benefits.  The Commissioner's decision (here the decision of the ALJ) will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523

1  (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  In this context, the

2  term "substantial evidence" means "more than a mere scintilla but less than a preponderance - it

3  is such relevant evidence that a reasonable mind might accept as adequate to support the

4  conclusion." *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1257.  When determining whether

5  substantial evidence exists to support the ALJ's decision, the Court examines the administrative

6  record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at

7  1257; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Where evidence exists to support

8  more than one rational interpretation, the Court must defer to the decision of the ALJ.  *Moncada*,

9  60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

10  **2.**    **Standard for Determining Disability**

11        A person is "disabled" for purposes of receiving social security benefits if he or she is

12  unable to engage in any substantial gainful activity due to a physical or mental impairment which

13  is expected to result in death or which has lasted or is expected to last for a continuous period of

14  at least twelve months.  *Drouin*, 966 F.2d at 1257; *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th

15  Cir. 1984).  Social Security disability cases are evaluated using a five-step, sequential evaluation

16  process. In the first step, the Commissioner must determine whether the claimant currently is

17  engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied.

18  *Id.*  If the claimant is not currently engaged in substantial gainful activity, the second step

19  requires the Commissioner to determine whether the claimant has a "severe" impairment or

20  combination of impairments which significantly limits the claimant's ability to do basic work

21  activities; if not, a finding of "not disabled" is made and the claim is denied.  *Id.*  If the claimant

22  has a "severe" impairment or combination of impairments, the third step requires the

23  Commissioner to determine whether the impairment or combination of impairments meets or

24  equals an impairment in the Listing; if so, disability is conclusively presumed and benefits are

25  awarded.  *Id.*  If the claimant's impairment or combination of impairments does not meet or

26  equal an impairment in the Listing, the fourth step requires the Commissioner to determine

27

28

1  whether the claimant has sufficient "residual functional capacity"[5] to perform his or her past

2  work; if so, the claimant is not disabled and the claim is denied.  *Id.*  The plaintiff has the burden

3  of proving that he or she is unable to perform past relevant work.  *Drouin*, 966 F.2d at 1257.  If

4  the claimant meets this burden, a *prima facie* case of disability is established.  The Commissioner

5  then bears the burden of establishing that the claimant can perform other substantial gainful

6  work;[6] the determination of this issue comprises the fifth and final step in the sequential analysis.

7  20 C.F.R.§§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as*

8  *amended* April 9, 1996; *Drouin*, 966 F.2d at 1257.

9  <center>**III.  DISCUSSION**</center>

10  **1.     Weight Given to Declaration of Dr. Khoa Nguyen**

11       The ALJ made the following finding regarding the declaration[7] submitted after the

12  hearing by Plaintiff's primary care physician, Dr. Khoa Nguyen:

> It is noted that after the hearing, the claimant submitted a "Declaration" of Dr.
> Khoa Nguyen, the claimant's primary care physician, consisting of questions
> asked by the claimant's attorney and Dr. Nguyen's answers during a conference
> call.  The doctor acknowledged that he primarily treats the claimant's
> hypertension and high cholesterol, both of which are under control.  Dr. Nguyen
> opined that the claimant's shoulder condition precludes him from lifting more
> than 12 pounds or lifting anything above shoulder height with his right arm and
> that he would need a 5-10 minute break from standing once an hour. . . .
> The undersigned gives little weight to Dr. Nguyen's Declaration as it is limited to
> questions from the claimant's attorney and does not constitute a report issued by
> the doctor in which he describes a full examination.  In response to a direct
> question, Dr. Nguyen was unable to cite any objective signs or findings from his
> examination of the claimant's shoulder.  With respect to the doctor's opinion
> regarding the claimant's overall condition and ability to stand during a workday,
> that opinion is rejected as Dr. Nguyen provided no medical findings to support
> that assessment and he admitted that he does not manage the claimant's cardiac

[5] A claimant's residual functional capacity is what he or she can still do despite existing exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[6] There are two ways for the Commissioner to meet the burden of showing that there is other work in significant numbers in the national economy that claimant can do:  (1) by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines.  *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

[7] *See* AR 417-34.

<center>5</center>

1  condition.  (It is also noted that the claimant's treating cardiologist opined he
2  could return to work without any limitations as long as it was not as strenuous as
   carpentry and similar work).  Based upon the cardiologist, and the lack of any
3  objective findings to support his opinions, Dr. Nguyen's assessment of the
   claimant's limitations is not found credible.

4  AR 19.

5         Plaintiff argues that the ALJ erred in not giving more weight to Dr. Nguyen's assessment.

6  However, even assuming that Dr. Nguyen should be considered a treating physician with respect

7  to all of Plaintiff's medical problems, the lack of any supporting objective findings and the

8  contrary opinion of a treating physician with respect to Plaintiff's cardiological health constitute

9  clear and convincing reasons for not accepting Dr. Nguyen's opinion.  *See Thomas v. Barnhart*,

10 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ . . . must present clear and convincing reasons for

11 rejecting the uncontroverted opinion of a claimant's physician. . . .  Although the treating

12 physician's opinion is given deference, the ALJ may reject the opinion of a treating physician in

13 favor of a conflicting opinion of an examining physician if the ALJ makes findings setting forth

14 specific, legitimate reasons for doing so that are based on substantial evidence in the record. . . .

15 The ALJ need not accept the opinion of any physician, including a treating physician, if that

16 opinion is brief, conclusory, and inadequately supported by clinical findings.") (internal citations

17 and quotation marks omitted).

18 **2.       Testimony of the Vocational Expert**

19        The ALJ concluded that Plaintiff could perform light work, but could not return to the

20 medium work he had performed prior to the beginning of his medical problems.  Accordingly,

21 the ALJ stated that "the burden shifts to the Social Security Administration to show that there are

22 other jobs existing in significant numbers in the national economy that the claimant can perform,

23 consistent with his residual functional capacity, age, education and work experience."  AR 20.

24 Based on the testimony of the VE, the ALJ concluded that Plaintiff has skills that are transferable

25 to hardware sales, which is categorized as light, semi-skilled work.  *Id.*  The VE testified that at

26 least 200 to 250 such jobs exist in the local area, which led the ALJ to the conclusion that a

27 significant number of such jobs exist in the national economy.  *Id.*

28

6

1   Plaintiff argues that the ALJ relied improperly upon the VE's testimony.  The VE gave

2   extensive testimony about the availability of hardware sales jobs and endured a contentious

3   cross-examination.  *See* AR 453-81.  In light of the thorough probing and consideration of his

4   analysis and conclusions, it appears likely that the ALJ's reliance upon the VE's testimony was

5   proper.  However, the Court need not decide that question, as it concludes that even if the VE's

6   testimony was not sufficiently supported, the appropriate remedy is remand for further

7   development of the record.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004)

8   (concluding that remand for entry of benefits was appropriate on facts distinguishable from those

9   of the instant case: "Even without extensive VE testimony, Benecke's entitlement to disability

10  benefits is clear. The VE testimony establishes that Benecke would be unable to perform her past

11  work as a telemarketer, a sedentary job with limited physical demands."); *see also Massachi v.*

12  *Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007) (remanding in light of ALJ's failure to inquire

13  sufficiently into VE's testimony).  As discussed below, the Court will grant the Government's

14  motion to remand on another basis.  On remand, the ALJ's decision will be vacated and a new

15  hearing will be held.  Accordingly, Plaintiff will not be prejudiced by any error by the ALJ in

16  accepting the VE's testimony.

17  **3.    Plaintiff's Subjective Reporting of Symptoms**

18  The parties agree that the ALJ did not address adequately Plaintiff's subjective reporting

19  of his symptoms.  Plaintiff testified that he was physically limited by chest pain, trouble

20  breathing, and leg pain.  AR 448-49.  In response to this testimony, the ALJ found that "the

21  claimant's allegations regarding his limitations are not totally credible for the reasons set forth in

22  the body of the decision."  *Id.* at 21.  However, the body of the ALJ's decision does not identify

23  any such reasons.  Social Security Rule 96-7p prohibits conclusory findings about a lack of

24  credibility.  Accordingly, the ALJ's failure to give specific reasons for the conclusion that

25  Plaintiff's testimony lacked credibility was error.  *See Thomas v. Barnhart*, 278 F.3d 947, 958-59

26  (9th Cir. 2002) ("If the ALJ finds that the claimant's testimony as to the severity of her pain and

27  impairments is unreliable, the ALJ must make a credibility determination with findings

28

Case No. C 06-04392 JF
ORDER GRANTING DEFENDANT'S MOTION FOR REMAND AND DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
(JFEX3)/(JFLC1)

1  sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit

2  claimant's testimony.").

3         In light of this error, "the Commissioner requests that this Court remand Plaintiff's case."

4  Motion to Remand 3.  Defendant asserts that "[u]pon remand, the Office of Disability

5  Adjudication and Review (ODAR) will vacate the March 3, 2005, ALJ decision, and remand this

6  case for a de novo ALJ hearing. The ODAR will direct the ALJ to address Plaintiff's subjective

7  complaints, allow submission of new evidence, and issue a new decision." *Id.*  Plaintiff also

8  requests that the Court remand the action to the Commissioner, but solely for the entry of

9  benefits.

10         When an administrative agency determination is reversed "the proper course, except in

11  rare circumstances, is to remand to the agency for additional investigation or explanation."

12  *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004).  The Ninth Circuit has explained:

13         Remand for further administrative proceedings is appropriate if enhancement of
        the record would be useful.  Conversely, where the record has been developed
14        fully and further administrative proceedings would serve no useful purpose, the
        district court should remand for an immediate award of benefits.  More
15        specifically, the district court should credit evidence that was rejected during the
        administrative process and remand for an immediate award of benefits if (1) the
16        ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2)
        there are no outstanding issues that must be resolved before a determination of
17        disability can be made; and (3) it is clear from the record that the ALJ would be
        required to find the claimant disabled were such evidence credited.
18

19  *Benecke*, 379 F.3d at 593.  In the instant case, it is not clear that the ALJ would be required to

20  find Plaintiff disabled if the subjective testimony of the Plaintiff were credited as true.  Even

21  accepting Plaintiff's testimony, the record does not indicate that Plaintiff could not perform light

22  work.  Plaintiff may need to take medication to remedy his heart problems, but he does not testify

23  that those medications leave him unable to perform any work.  *See* AR 446-47.  Plaintiff also

24  may be unable to move around for eight hours or do yard work for half a day, but that does not

25  foreclose a conclusion that he could do light work.  *See id.* at 448.[8]

26  _____

27        [8]  The Court notes that while Plaintiff initially testified that he thought he could stand for

28  half an hour at a time, provided he had a ten to fifteen minute rest thereafter, Plaintiff withdrew

8

1   Moreover, the Court concludes that even if the three part *Harman*[9] test discussed in

2   *Benecke* were met, it would not be appropriate to credit as true Plaintiff's testimony at the

3   hearing.  While it is generally the case that an action should not be remanded solely to allow an

4   ALJ to make a credibility finding, *see Benecke*, 379 F.3d at 593 ("Where the *Harman* test is met,

5   we will not remand solely to allow the ALJ to make specific findings regarding excessive pain

6   testimony.  Rather, we take the relevant testimony to be established as true and remand for an

7   award of benefits."), the Ninth Circuit has held that a remand for entry of benefits is not always

8   required as the "crediting as true" doctrine is not mandatory in the Ninth Circuit.  *Connett v.*

9   *Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).  Instead, the Ninth Circuit has recognized "some

10  flexibility in applying the 'crediting as true' theory."  *Id.*  This Court concludes that such

11  flexibility is appropriate in the instant case.  To all appearances, the ALJ undertook the analysis

12  of this case conscientiously and thoroughly, asked questions intended to develop the record, and

13  ensured that Plaintiff was able to present his evidence and argument as fully as possible.  The

14  available evidence suggests that a determination of a lack of disability likely was proper.  While

15  the Court agrees with Plaintiff that the Commissioner should not be able to claim, "heads we

16  win, tails we play again," there is no indication that the ALJ's failure to detail his reasons for

17  discounting Plaintiff's credibility was anything more than an oversight.  Under such

18  circumstances, even assuming that the three-part *Harman* test were met, the flexibility in the

19  "crediting as true" rule properly would be applied to ensure that Plaintiff receives only those

20  benefits to which he is entitled.  While the Court recognizes the delay caused by remand, it notes

21  that Plaintiff failed to raise this issue with the Appeals Council, *see* AR 435-38, and also

22  declined to enter into a stipulation for remand with Defendant.

23      Accordingly, the Court concludes that this is not one of the rare situations in which

24  remand for entry of benefits is appropriate.  Instead, the Court will exercise its discretion to

26  that estimate, indicating that he did not know his capacity to stand.  AR at 448-49.

27      [9] *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).

9

1   remand the case for further proceedings.  As the Government suggests, the Commissioner should

2   vacate the decision of the ALJ and hold a de novo hearing before an ALJ.  Such an approach will

3   address Plaintiff's apparent objection to remand on a limited basis.  *See* Reply 2.

4                                        **IV.  ORDER**

5          Good cause therefor appearing, IT IS HEREBY ORDERED that Defendant's motion to

6   remand is GRANTED and that Plaintiff's motion for summary judgment is DENIED.

7

8   DATED:  August 2, 2007.

9

10                                                          _____

11                                              JEREMY FOGEL
                                                United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-04392 JF
ORDER GRANTING DEFENDANT'S MOTION FOR REMAND AND DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
(JFEX3)/(JFLC1)

1    This Order has been served upon the following persons:

2    John C. Cusker                john.cusker@ssa.gov

3    Harvey Peter Sackett          hps@hpspc.com, lucyc@sackettlaw.com; julie@sackettlaw.com;
                                   juanita@sackettlaw.com
4
     Sara Winslow                  sara.winslow@usdoj.gov, kathy.terry@usdoj.gov;
5                                  claire.muller@usdoj.gov

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-04392 JF
ORDER GRANTING DEFENDANT'S MOTION FOR REMAND AND DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
(JFEX3)/(JFLC1)